UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| DOCTOR DANIELLE LLC, a Washington limited liability company,<br><br>    Plaintiff,<br><br>  vs.<br><br>MARYRUTH ORGANICS, LLC, a California limited liability company,<br><br>    Defendant. | No.<br><br>COMPLAINT |

Doctor Danielle LLC ("Doctor Danielle"), alleges for its Complaint against MaryRuth Organics, LLC ("MaryRuth"), as follows:

## PARTIES

1. Plaintiff Doctor Danielle is a Washington limited liability company. Its principal place of business is located in Manson, Washington.

2. Defendant MaryRuth is a California limited liability company. Its principal place of business is located in Los Angeles, California.

COMPLAINT -- 1

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 2201; and 15 U.S.C § 1121. Doctor Danielle brings this action to resolve an actual and palpable controversy between the parties arising under the trademark laws of the United States.

4. The Court has personal jurisdiction over MaryRuth because it transacted and continues to transact business in Washington and this District, where Doctor Danielle resides; it sent a letter to Doctor Danielle in Washington and this District, accusing Doctor Danielle of adopting "Confusingly Similar Trade Dress" that contains "very obvious and confusing similarities between Doctor Danielle's new packaging and MaryRuth's packaging"; and it ordered products from Doctor Danielle in Washington and this District. For these reasons, the Court has personal jurisdiction over MaryRuth, including pursuant to Washington's long-arm statute, RCW § 4.28.185.

5. Venue is proper in this District under 28 U.S.C. § 1391. A substantial part of the events giving rise to Doctor Danielle's claims occurred in this District; a substantial part of the property that is the subject of this action is situated in this District; MaryRuth is subject to the Court's personal jurisdiction in this District; and a substantial part of the events giving rise to the claim that Doctor Danielle asserts herein occurred in this District.

## FACTUAL ALLEGATIONS

**A.    Doctor Danielle and Its Accused Logo, Product Packaging, and Website**

6. Doctor Danielle sells nutritional supplements under its DOCTOR DANIELLE trademark. It was founded in April 2013 by Danielle Saunders, a

COMPLAINT -- 2

certified biochemist, doctor of naturopathic medicine, and licensed physician, who graduated from the University of Washington and Bastyr University. Doctor Danielle's advertising, product packaging, and website have always prominently depicted Dr. Saunders, who is both the "name" and the "face" of the company. Her name, likeness, and signature have consistently appeared together on Doctor Danielle's packaging, in its advertising, and on its website (accessible at *https://drdanielle.com/*). Doctor Danielle has sold thousands of products bearing these trademark elements and has received millions of dollars in annual revenue.

7. On September 2, 2014, the U.S. Patent and Trademark Office registered DOCTOR DANIELLE as a trademark (Reg. No. 4596772) in International Class 014 for "Dietary and nutritional supplements; Vitamins."

8. In 2021, Doctor Danielle decided to update the look of its brand. To this end, it held a contest among freelance graphic designers. Doctor Danielle provided basic parameters it wanted for the successful design, which did not reference MaryRuth. By October 2021, it selected the winner, which continues to include the basic elements of Doctor Danielle's former logo: Dr. Saunders' name, likeness, and script font that references her signature (Doctor Danielle's "New Logo").

9. Doctor Danielle's New Logo is depicted below, along with a screen shot of its website that also illustrates its product packaging.




COMPLAINT -- 3

ATKINS IP
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983

The pastoral setting shown in the background of Doctor Danielle's New Logo depicts Dr. Saunders' Manson, Washington, farm and barn.

10. Doctor Danielle has made a substantial investment in marketing and branding its goods. As a result, it has developed strong and well-recognized rights in its look, including the longstanding elements of Dr. Saunders' name, likeness, and signature, as well as its New Logo as a whole.

**B.   MaryRuth and Its Likelihood of Confusion Claim**

11. MaryRuth sells nutritional supplements under its MARYRUTH'S trademark. It states it was founded by MaryRuth Ghiyam, who is a "Certified Health Educator, Nutritional Consultant, and Culinary Chef." MaryRuth states it adopted the logo depicted below in 2018.



COMPLAINT -- 4

ATKINS IP
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983

MaryRuth's logo prominently includes Ms. Ghiyam's name and image, which consistently appear together on its packaging, in its advertising, and on its website. A screen shot of its website (*https://www.maryruthorganics.com/*) is depicted below, which also illustrates its product packaging.



### C. MaryRuth's Likelihood of Confusion Claim

12. In November 2021, Doctor Danielle received a letter from MaryRuth's attorneys at Kirkland & Ellis LLP, a law firm with more than 2,700 attorneys. The letter states it is regarding Doctor Danielle's "Confusingly Similar Trade Dress." It alleges that Doctor Danielle's New Logo and trade dress are "strikingly and confusingly, similar to that of MaryRuth's." It states that MaryRuth's "owns protectable rights in its labels and packaging," including a federal trademark registration for its logo (Reg. No. 6376468) in International Class 005 for dietary supplements; it cites the likelihood of confusion test for trademark and trade dress infringement; and it alleges that Doctor Danielle's "packaging of its products and the look and feel of its website … now very closely mimic[] the look and feel of MaryRuth's product packaging and website."

The letter concludes:

> In light of the very obvious and confusing similarities between Doctor Danielle's new packaging and MaryRuth's packaging and to avoid further confusion, we ask that you agree to change the Doctor

COMPLAINT -- 5

ATKINS IP
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983

> Danielle labels, packaging and website substantially, such that there would be no likelihood that consumers would be confused about the source of either party's products or whether the parties are related, and outline for us both the changes you will make and the steps you will take to accomplish those changes, and the timing for those changes.
>
> We look forward to hearing from you by December 6, 2021.

A true and correct copy of the letter is attached hereto as <u>Exhibit A</u>.

13. Doctor Danielle did not respond.

14. On January 7, 2022, Doctor Danielle received a large order from a new customer. The order was placed by a person who provided her address as 2049 Century Park East, Suite 3500S in Los Angeles. The order appeared strange to Doctor Danielle, because it was for a range of different products, while most new customers only order one or two products. Doctor Danielle looked up the new customer and address, and saw that the new customer was a legal assistant employed by Lathrop GPM, a 400-attorney law firm. This order led Doctor Danielle to believe that MaryRuth was about to file a trademark infringement lawsuit against it.

15. Doctor Danielle consequently now seeks a declaration that its New Logo, product packaging, and website do not cause a likelihood of confusion with MaryRuth's logo, product packaging, and website, and do not infringe any of MaryRuth's trademark and trade dress rights.

## CAUSE OF ACTION

### Declaratory Judgment

16. Doctor Danielle re-alleges the allegations set forth above.

17. As a result of MaryRuth's actions, including its claim that Doctor Danielle's New Logo, product packaging, and website are likely to cause consumer confusion, there is an actual controversy between Doctor Danielle and MaryRuth

as to Doctor Danielle's legal rights and legal relations associated with its use of its New Logo, product packaging, and website. Under all of the circumstances, an immediate, real and substantial controversy exists between the parties, who have adverse legal interests.

18. Doctor Danielle has used and intends to keep using its New Logo, product packaging, and website in interstate commerce.

19. MaryRuth's stated position is that Doctor Danielle's use of its New Logo, product packaging, and website causes a likelihood of confusion. This is tantamount to claiming that Doctor Danielle's New Logo, product packaging, and website violate its trademark and trade dress rights.

20. Doctor Danielle's New Logo, product packaging, and website do not infringe upon, dilute, or violate any federal or state trademark or trade dress rights that MaryRuth owns, or any related rights.

21. Doctor Danielle adopted its New Logo, product packaging, and website in good faith and did not act willfully against the interests of MaryRuth.

22. By contrast, MaryRuth contends that Doctor Danielle adopted its New Logo, product packaging, and website with the intent to mimic MaryRuth, stating that "imitation is the sincerest form of flattery" and that "we find it difficult to believe that whoever created the 'new look' for Doctor Danielle was unaware of the look and feel of MaryRuth's products and packaging."

23. An actual justiciable controversy within the meaning of 18 U.S.C. § 2201 exists between Doctor Danielle and MaryRuth concerning Doctor Danielle's use of its New Logo, product packaging, and website, and the parties' respective trademark and trade dress rights. A judicial determination is necessary and appropriate at this time in order to resolve Doctor Danielle's rights, MaryRuth's

conflicting claims, and in order for the parties to ascertain their respective rights and obligations.

24. Doctor Danielle has not and does not engage in any activities that violate any lawful rights of MaryRuth and is entitled to a declaration to that effect in this action.

## PRAYER FOR RELIEF

WHEREFORE, Doctor Danielle respectfully prays for judgment as follows:

1. Declaring that Doctor Danielle's use of its New Logo, product packaging, and website do not infringe upon, dilute, or otherwise violate any valid right of MaryRuth under applicable federal or state law;

2. Awarding Doctor Danielle its reasonable costs and attorney's fees incurred in defending its rights to its New Logo, product packaging, and website against the claims and conduct of MaryRuth; and

3. Granting such other and further relief as this Court deems just and proper.

DATED this 11th day of January, 2021.

           ATKINS INTELLECTUAL PROPERTY, PLLC

           By /s/ Michael G. Atkins
             Michael G. Atkins
             WSBA# 26026
             Atkins Intellectual Property, PLLC
             113 Cherry Street #18483
             Seattle, WA 98104-2205
             (206) 628-0983
             *mike@atkinsip.com*

           Doctor Danielle LLC