MICHAEL CHAIT
MONTGOMERY SCARP & CHAIT PLLC
17600 VASHON HWY SW SUITE 105
PO BOX 1977
VASHON, WA 98070
(206) 625-1801

ASHLEY M. BENNETT EWALD*
AARON M. WAIS*
LEE B. BENNIN*
80 SOUTH EIGHT ST.
500 IDS CENTER
MINNEAPOLIS, MN 55402
(612) 632-3000
*PRO HAC VICE APPLICATION FORTHCOMING

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

DOCTOR DANIELLE LLC,

    Plaintiff,

        v.

MARYRUTH ORGANICS, LLC,

    Defendant.

and

MRO MARYRUTH, LLC,

    Counterclaim Plaintiff,

        v.

DOCTOR DANIELLE LLC,

    Counterclaim Defendant.

No. 2:22-CV-00006-SAB

**DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM PLAINTIFF'S COUNTERCLAIMS**

**JURY TRIAL DEMANDED**

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- 1
[2:22-cv-00006-SAB]

Defendant MaryRuth Organics, LLC ("MaryRuth Organics), by and through its counsel, hereby responds to Plaintiff Doctor Danielle LLC's ("Doctor Danielle") Complaint as follows. Unless specifically admitted, all allegations in the Complaint are denied.

## PARTIES

1.    MaryRuth Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and on that basis denies those allegations.

2.    MaryRuth Organics admits the allegations in paragraph 2.

## JURISDICTION AND VENUE

3.    The allegations of paragraph 3 constitute legal conclusions to which no response is required. To the extent any response is required, such allegations are denied.

4.    MaryRuth Organics denies the allegations in paragraph 4.

5.    MaryRuth Organics denies the allegations in paragraph 5.

## FACTUAL ALLEGATIONS

6.    MaryRuth Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and on that basis denies those allegations.

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- 2
[2:22-cv-00006-SAB]

7.      MaryRuth Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and on that basis denies those allegations.

8.      MaryRuth Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and on that basis denies those allegations.

9.      MaryRuth Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and on that basis denies those allegations.

10.     MaryRuth Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and on that basis denies those allegations.

11.     MaryRuth Organics admits that it sells nutritional supplements under its MARYRUTH'S trademark; it was co-founded by MaryRuth Ghiyam; Ms. Ghiyam is a certified health educator, nutritional consultant, and culinary chef; and it adopted the logo depicted in paragraph 11 in 2018. MaryRuth Organics denies the remaining allegations in paragraph 11.

12.     MaryRuth Organics admits that its counsel contacted Doctor Danielle, which communication speaks for itself. To the extent any response is required to the remainder of paragraph 12, such allegations are denied.

13.     MaryRuth Organics admits the allegations in paragraph 13.

14.     MaryRuth Organics admits that an employee of its counsel placed an order with Doctor Danielle. MaryRuth Organics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14, and on that basis denies those allegations.

15.      The allegations in paragraph 15 constitute legal conclusions to which no response is required. To the extent any response is required, such allegations are denied.

## CAUSE OF ACTION

### Declaratory Judgment

16.     MaryRuth Organics hereby restates and reincorporates by reference its responses to the allegations set forth in paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17.     The allegations in paragraph 17 constitute legal conclusions to which no response is required. To the extent any response is required, such allegations are denied.

18.     MaryRuth Organics lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and on that basis denies those allegations.

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- 4
[2:22-cv-00006-SAB]

19.    MaryRuth Organics admits that its position, in part, is that Doctor Danielle is infringing its successor company's, MRO MaryRuth, LLC's, trademark and trade dress rights. To the extent any response is required to the remainder of paragraph 19, such allegations are denied.

20.    MaryRuth Organics denies the allegations in paragraph 20.

21.    MaryRuth Organics denies the allegations in paragraph 21.

22.    The allegations in paragraph 22 refer to statements made by MaryRuth Organics' counsel in its prior communication with Doctor Danielle, which communication speaks for itself. To the extent a response is required to the remainder of paragraph 22, such allegations are denied.

23.    The allegations in paragraph 23 constitute legal conclusions to which no response is required. To the extent any response is required, such allegations are denied.

24.    MaryRuth Organics denies the allegations in paragraph 24.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Doctor Danielle's Complaint fails to state a claim against MaryRuth Organics upon which relief can be granted.

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- 5
[2:22-cv-00006-SAB]

**Second Defense**

Doctor Danielle is barred from pursuing its claim in this District because venue is improper.

**Third Defense**

This Court lacks personal jurisdiction over MaryRuth Organics.

**Fourth Defense**

Doctor Danielle is barred from pursuing its claim due to unclean hands.

**Fifth Defense**

Even if Doctor Danielle prevails in its claim, there is no legal basis for an award of its attorneys' fees and costs.

MaryRuth Organics reserves the right to add additional affirmative defenses as additional facts are learned during the course of the action.

## COUNTERCLAIMS

Counterclaim Plaintiff MRO MaryRuth, LLC ("MaryRuth's"), by and through its counsel, for its Counterclaims against Counterclaim Defendant Doctor Danielle LLC ("Doctor Danielle"), allege as follows:

## PRELIMINARY STATEMENT

1.      MaryRuth's is a family-owned business that delivers nationally a wide variety of wholesome supplements made from non-GMO, plant-based, vegan ingredients. Its founder, MaryRuth Ghiyam, is a certified health educator, nutritional

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- 6
[2:22-cv-00006-SAB]

consultant, and culinary chef. MaryRuth's takes pride in its products, and its dedication to quality and customer satisfaction have garnered the attention of several publications and earned MaryRuth's an excellent reputation among consumers.

2.     MaryRuth's owns protectable trademark and trade dress rights in its labels and packaging. MaryRuth's has spent considerable resources developing the look and feel of its product packaging and its website to enable customers to identify MaryRuth's products clearly and easily, and to distinguish them from those of competitors.

3.     MaryRuth's brings these claims against Doctor Danielle for federal, state, and common law trademark infringement, trade dress infringement, and unfair competition. In late 2021, Doctor Danielle changed its logo, look, and feel to mimic MaryRuth's protectable trademark and trade dress in order to confuse consumers and profit from MaryRuth's longstanding and hard-earned goodwill.

4.     There is no confusion about Doctor Danielle's improper motives. Months ago, MaryRuth's tried to resolve its concerns over Doctor Danielle's infringement outside of court by having its counsel send a cease-and-desist-letter, which Doctor Danielle received. But rather than engage in meaningful discussions about a possible resolution, Doctor Danielle played games by admittedly turning a blind eye and not responding and going so far as to delete comments to its social media accounts that noted the similarities between Doctor Danielle's logo and trade

dress and MaryRuth's. It was only after it suspected that a lawsuit was imminent that Doctor Danielle forum-shopped by rushing into this Court by means of its declaratory relief action.

## PARTIES

5.     Counterclaim Plaintiff MRO MaryRuth is a limited liability company organized and existing under the laws of the state of Delaware, having a principal place of business at 1171 S Robertson Blvd #148, Los Angeles, California 90035.

6.     Plaintiff and Counterclaim Defendant Doctor Danielle LLC ("Doctor Danielle") is a limited liability company organized and existing under the laws of the state of Washington, having a principal place of business at 30 Raven Lane, Manson, Washington 98831.

## JURISDICTION AND VENUE

7.     These counterclaims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.* This Court has federal question jurisdiction over these claims under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks); and 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws).

8.     This Court has jurisdiction over the state-law claims in this action under 28 U.S.C. § 1367(a) because the state-law claims are so related to the federal claims

that they form part of the same case or controversy and derive from a common nucleus of operative facts.

9.    Without admitting that MaryRuth's is subject to the personal jurisdiction of this Court, MaryRuth's states that this Court has personal jurisdiction over Doctor Danielle because it is a Washington limited liability company with a principal place of business in Manson, Washington and does business in the state.

10.    In the event that MaryRuth's is subject to the personal jurisdiction of this Court, venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1391(c).

**FACTUAL BACKGROUND**

I.    **MaryRuth's Founding and Evolution to a Leading Provider of Health and Wellness Products.**

11.    MaryRuth's cofounder, known as MaryRuth Ghiyam, is a certified health educator, nutritional consultant, and culinary chef. Before 2014, Ms. Ghiyam operated a private practice in New York City as a nutritional consultant, where she met clients one-on-one to help them overcome their individual health challenges. This often involved introducing clients to Ms. Ghiyam's "Liquids till Lunch" concept, which later became the subject of her Wall Street Journal best-selling book, *Liquids till Lunch: 12 Small Habits that will Change Your Life for Good*. The Liquids till Lunch concept resonated strongly with clients.

12.    Ms. Ghiyam's clients often reported they did not like taking capsule

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- 9
[2:22-cv-00006-SAB]

vitamins due to the nausea it caused them. These client reports inspired Ms. Ghiyam to create her first products: a raspberry-flavored Liquid Morning Multivitamin and a coconut-flavored Liquid Nighttime Multimineral. Ms. Ghiyam began selling these products out of her office and on Amazon.com, quickly earning glowing reviews and a reputation of quality. These liquid multivitamins remain bestsellers among MaryRuth's growing catalog of product offerings.

13.     The success of Ms. Ghiyam's early products helped her realize she was uniquely positioned to fill a need in the supplement industry for safe and wholesome liquid vitamins made from natural ingredients. So, inspired by her passion for helping others conquer their health goals, Ms. Ghiyam launched MaryRuth's in 2014 with her mother.

14.     MaryRuth's has always been a mission-oriented company dedicated to fostering a holistic, healthy lifestyle. To that end, MaryRuth's produces its supplements from natural, non-GMO, plant-based, vegan ingredients with as few allergens as possible. These high standards ensure MaryRuth's supplements are of the highest quality and result in tasty products that make customers excited to embark on and continue their wellness journeys.

15.     MaryRuth's originally developed and sold liquid vitamins, but quickly expanded to other supplements. MaryRuth's now offers more than 120 different products, including solid and liquid multivitamins, probiotics, sprays, drops, herbals,

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- 10
[2:22-cv-00006-SAB]

enzyme capsules, gummies, creams, and scrubs. What started as a small passion project has blossomed into an industry-leading company with more than 90 employees.

16.    MaryRuth's products have achieved wide commercial success. MaryRuth's sells its products nationally directly through its website, www.maryruthorganics.com, as well as through online and brick-and-mortar retailers like Target, Whole Foods Market, Amazon, Wal-Mart, eBay, and Urban Outfitters.

17.    MaryRuth's products have been prominently featured throughout the media, including *Martha Stewart* magazine, *Vogue* magazine, *Women's Health* magazine, *People* magazine, *Elle* magazine, *The Wall Street Journal*, *The Los Angeles Times*, The Drew Barrymore Show, and numerous podcasts.

18.    MaryRuth's successful cultivation of its brand is also evident from its legion of devoted followers on social media websites like Instagram (nearly 400,000 followers), Facebook (over 100,000 followers across several community pages), and others. MaryRuth's routinely posts on its social media accounts and expends vast time and resources engaging consumers, further building consumer recognition and goodwill in its marks and trade dress.

## II.    MaryRuth's Protected Trademark and Trade Dress.

19.    MaryRuth's brand and image have been integral to its success. Until

2018, MaryRuth's products displayed a logo depicting red and white farmhouses, rolling green farm fields, and a clear sky. A stylized version of Ms. Ghiyam's name appeared above the logo, and a watercolor photograph of Ms. Ghiyam appeared to the right of the logo.



20.    In 2018, MaryRuth's updated its logo and labeling while keeping many of the same central components. MaryRuth's updated logo features a metal stamp or metal engraving stylized depiction of Ms. Ghiyam wearing a blue collared shirt with smiling red lips and golden hair tied with a red ribbon, set in front of rolling green farm fields, a blue sky with rolling white clouds, and a farmhouse. A true and accurate depiction of MaryRuth's logo is below:

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- 12
[2:22-cv-00006-SAB]



21.     On June 8, 2021, MaryRuth Organics obtained a federal trademark

registration for the updated logo, Registration No. 6,376,468 ("the MaryRuth's

Mark"). On September 28, 2021, MaryRuth Organics assigned all right, title, and

interest in the MaryRuth's Mark and other intellectual property to MRO MaryRuth,

which currently owns it. A true and correct printout of information from the U.S.

Patent and Trademark Office's Trademark Status and Document Retrieval electronic

database showing the current status and title of the MaryRuth's Mark, along with its

registration certificate, is attached as ***Defendant/Counterclaim Plaintiff's Exhibit***

***A***.

22.     When it updated its logo in 2018, MaryRuth's also updated the look,

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- 13
[2:22-cv-00006-SAB]

feel, and appearance of its labels, packaging, and website. The new product labels and packaging for MaryRuth's supplements consist of a white bottle with a white label having the MaryRuth's Mark near the top of the label, a stylized version of MaryRuth's name directly below the logo in tomato red pantone, the product name, and a band of vibrant color along the bottom of the label that varies from product to product. The label's text is written in a sans serif font and arranged in a way that is easily readable. The content on MaryRuth's product labels is arranged with clean lines, in symmetrical shapes, and with sharp edges. For example, the information on the front face of the label is displayed in an overall rectangular shape, and the band of vibrant color at the bottom of the label has a sharp border separating it from the rest of the label. The labels also display six colored circles that are arranged in symmetrical columns of three on each side of the MaryRuth's Mark. These colored circles contain important information about the product, again written in sans serif and colorful font. True and correct images of products displaying MaryRuth's packaging and labels are below:

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- 14
[2:22-cv-00006-SAB]



23.    MaryRuth's website, www.maryruthorganics.com, carries the same

look and feel as its product labels and packaging. Specifically, MaryRuth's website

displays the MaryRuth's Mark on a white background at the top of the homepage

under a tomato red ribbon displaying information about promotions and MaryRuth's

free-shipping policy. The website uses the same vibrant colors that appear on

MaryRuth's product labels and follows the same symmetrical layout with crisp

corners and rectangular areas of color. The color and arrangement scheme are used

throughout the entire MaryRuth's website. A true and accurate image of the home

page of MaryRuth's website is below:

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- 15
[2:22-cv-00006-SAB]



24.     The features of MaryRuth's product packaging, labels, and website described in paragraphs 22 and 23 above, alone or in combination, and including the overall look, feel, and appearance of MaryRuth's packaging, labels, and website, are collectively referred to as "MaryRuth's Trade Dress."

25.     MaryRuth's Trade Dress fosters a cohesive look and feel among MaryRuth's products and website. MaryRuth's Trade Dress has distinctive and non-functional features which identify to consumers that MaryRuth's is the origin of the specific product, thereby invoking the substantial goodwill with consumers that MaryRuth's has tirelessly worked to develop since its founding.

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- 16
[2:22-cv-00006-SAB]

26.    In late 2018 and into 2019, MaryRuth's began using the MaryRuth's Mark and MaryRuth's Trade Dress and updating its product labels to include MaryRuth's new look. By the end of 2019, all new MaryRuth's products displayed the MaryRuth's Mark and MaryRuth's Trade Dress.

27.    MaryRuth's continues to produce and sell products displaying the MaryRuth's Mark and MaryRuth's Trade Dress to this day. Through years of maintaining rigorous standards and careful cultivation of a brand dedicated to health, wellness, and quality, including nearly three years of continuous and substantial use of the MaryRuth's Mark and MaryRuth's Trade Dress, MaryRuth's has acquired valuable goodwill and trust in its products.

**III.    Doctor Danielle Rebrands Itself to Commandeer MaryRuth's Hard-Earned Reputation and Goodwill with Consumers.**

28.    On information and belief, Doctor Danielle was founded in 2013 by Dr. Danielle Saunders as a business that makes and sells organic, vegan, and non-GMO vitamins and supplements.

29.    For nearly all its existence, Doctor Danielle highlighted the medical background of its founder in its product packaging, labeling, website, and advertising. For example, Doctor Danielle's product labels prominently featured the words "Physician Formulated," a photograph of Dr. Saunders with a stethoscope around her neck, a doctor-like signature that was presumably Dr. Saunders's, and a

1  reference to Dr. Saunders being a "Naturopathic Physician & Biochemist." Doctor

2  Danielle's products also featured a stylized gray and orange cross similar to the cross

3  symbol associated with the medical profession. Doctor Danielle's products were

4  typically sold in white bottles with labels, with green and orange text against a

5  background of different shades of green. On information and belief, a true and

6  accurate image of a Doctor Danielle product displaying these labeling features is

7  below:



18    30.    In late October of 2021, Doctor Danielle announced it was in the

19  process of giving its brand a visual makeover by changing to a new logo and product

20  packaging. Despite years of MaryRuth's continuous use of the MaryRuth's Mark

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- 18
[2:22-cv-00006-SAB]

and MaryRuth's Trade Dress, the new look and feel of Doctor Danielle's products and website closely mimics those of MaryRuth's. Most notably, for the first time, Doctor Danielle's products and website began displaying a circular logo depicting a metal-stamp or metal-engraving-style image of a smiling woman wearing a blue shirt with golden hair in front of rolling green farm fields, a blue sky with rolling white clouds, and a farmhouse. Doctor Danielle's logo bears a striking visual resemblance to the MaryRuth's Mark. Doctor Danielle's logo is hereinafter referred to as the "Infringing Logo." A side-by-side comparison of the MaryRuth's Mark (left) and the Infringing Logo (right) is below:



31.    Doctor Danielle does not have a federally registered trademark for the Infringing Logo. On information and belief, Doctor Danielle has not applied for federal registration of the Infringing Logo.

32.    Doctor Danielle's rebranded product packaging, labeling, and website mimic the overall look and feel of the MaryRuth's Trade Dress. Specifically, Doctor

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- 19
[2:22-cv-00006-SAB]

Danielle's rebranded, non-liquid supplements are now sold in white bottles with a white label having the Infringing Logo near the top of the label, a stylized version of Doctor Danielle's name directly below the Infringing Logo in tomato red pantone, the product name, and a band of vibrant color along the bottom of the label. Like the MaryRuth's Trade Dress, Doctor Danielle's product labels have text written in a sans serif font and are arranged in a way that is easily readable. The content on Doctor Danielle's product labels is arranged with clean lines, in symmetrical shapes, and with sharp edges. The labels also have six colored circles arranged in symmetrical columns of three on each side of the Infringing Logo which contain information about the product written in sans serif and colorful font. True and correct images of products displaying Doctor Danielle's new appearance are below:



33.    Doctor Danielle's website, www.drdanielle.com, reflects the new look

and feel of Doctor Danielle's new appearance. Like MaryRuth's website, Doctor Danielle's website features the Infringing Logo at the top of the page under a tomato red ribbon displaying information about Doctor Danielle's free-shipping policy. Doctor Danielle's website also uses vibrant colors with crisp corners and rectangular areas of color. A true and accurate image of the homepage of Doctor Danielle's updated website is below:



34.    The features of Doctor Danielle's product packaging, labels, and website described in paragraphs 32 and 33 above, alone or in combination, and including the overall look, feel, and appearance of Doctor Danielle's packaging, labels, and website, are collectively referred to as the "Infringing Trade Dress."

35.    For ease, the below chart presents a side-by-side comparison of several products displaying the Infringing Logo and Infringing Trade Dress that are confusingly similar to the MaryRuth's Mark and MaryRuth's Trade Dress. The chart

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- 21
[2:22-cv-00006-SAB]

is exemplary, not all-inclusive:

| Doctor Danielle's Label Until Late-October 2021 | Doctor Danielle's Label Since Late-October 2021 | MaryRuth's Label |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

| Doctor Danielle's Label Until Late-October 2021 | Doctor Danielle's Label Since Late-October 2021 | MaryRuth's Label |
|---|---|---|
|  |  |  |
|  |  |  |

36.    For ease, a side-by-side comparison of MaryRuth's website and Doctor

Danielle's website is included below:

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- 23
[2:22-cv-00006-SAB]







**IV.    Doctor Danielle Has Sold and Continues to Sell Products Displaying the Infringing Logo and Infringing Trade Dress—Despite Receiving Notice of its Infringing Actions.**

37.    On information and belief, Doctor Danielle owns, manages, operates, or actively promotes the highly interactive commercial website located at www.drdanielle.com.

38.    On information and belief, since its rebranding in October 2021, Doctor Danielle has used its website to direct and supervise the sales of products bearing the Infringing Logo and Infringing Trade Dress to consumers throughout the United States.

39.    On information and belief, Doctor Danielle also sells products bearing the Infringing Logo and Infringing Trade Dress on Amazon.com and other online retailers.

40.    MaryRuth's did not license or authorize Doctor Danielle to display or otherwise use the Infringing Logo or Infringing Trade Dress.

41.    As a result of Doctor Danielle's activities related to the Infringing Logo and Infringing Trade Dress, there is a strong likelihood of confusing associations in the marketplace between the MaryRuth's Mark and MaryRuth's Trade Dress on one hand, and the Infringing Logo and Infringing Trade Dress on the other hand, that indicates consumer confusion and Doctor Danielle's misappropriation of

MaryRuth's hard-earned rights and substantial goodwill with consumers.

42.    On November 23, 2021, MaryRuth's directed its counsel to send a cease-and-desist letter to Doctor Danielle, which it did by email and FedEx with delivery receipt explaining the Infringing Logo and Infringing Trade Dress are "strikingly, and confusingly, similar to" the MaryRuth's Mark and MaryRuth's Trade Dress. MaryRuth's demanded that Doctor Danielle "agree to change [its] labels, packaging, and website substantially, such that there would be no likelihood that consumers would be confused about the source of either party's products or whether the parties are related." A true and correct copy of MaryRuth's cease-and-desist letter is attached as Exhibit A to the Complaint in this case, ECF-1.

43.    As Doctor Danielle admits in its complaint, it did not respond to the cease-and-desist letter and, instead, continues to sell products displaying the Infringing Logo and Infringing Trade Dress on its website, Amazon.com, and other retail websites.

44.    Doctor Danielle's past and ongoing use of the Infringing Logo constitutes willful trademark infringement in violation of the Lanham Act and Washington common law. Additionally, Doctor Danielle's past and ongoing use of the Infringing Trade Dress constitutes willful trade dress infringement in violation of the Lanham Act and Washington common law.

# COUNT I

# TRADEMARK INFRINGEMENT IN

# VIOLATION OF 15 U.S.C. § 1114(a)

45.     MaryRuth's repeats and realleges the allegations of paragraphs 1 through 44 above and incorporates those allegations herein by reference.

46.     As a separate cause of action and ground for relief, MaryRuth's alleges that Doctor Danielle has been and is currently engaged in acts constituting infringement of the MaryRuth's Mark within the meaning of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), through Doctor Danielle's use of the Infringing Logo in commerce for the sale, offering for sale, distribution, or advertisement of goods or services in a manner that creates a likelihood of confusion, mistake, or deception.

47.     Doctor Danielle's infringing conduct is causing and is likely to cause injury to the public, and is causing and is likely to cause MaryRuth's irreparable injury. Doctor Danielle's infringing conduct has been intentional and willful, and manifests a deliberate and knowing disregard of MaryRuth's trademark and trade dress rights, making this an exceptional case. MaryRuth's is entitled to damages and injunctive relief pursuant to 15 U.S.C. §§ 1114, 1116, 1117, and 1118.

**COUNT II**

**TRADE DRESS INFRINGEMENT IN**

**VIOLATION OF 15 U.S.C. § 1125(a)**

48.    MaryRuth's repeats and realleges the allegations of paragraphs 1 through 47 above and incorporates those allegations herein by reference.

49.    As a separate cause of action and ground for relief, MaryRuth's alleges that Doctor Danielle offers to sell, sells, distributes, or advertises products displaying the Infringing Trade Dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing MaryRuth's rights in the MaryRuth's Trade Dress. Doctor Danielle's use of the MaryRuth's Trade Dress or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Doctor Danielle with MaryRuth's and as to the origin, sponsorship, or approval of products displaying the Infringing Trade Dress.

50.    The MaryRuth's Trade Dress is entitled to protection under the Lanham Act. The MaryRuth's Trade Dress uses unique, distinctive, and non-functional designs. MaryRuth's has extensively and continuously promoted and used the MaryRuth's Trade Dress for years in the United States. Through that extensive and continuous use, the MaryRuth's Trade Dress has become a well-known indicator of the origin and quality of MaryRuth's products. The MaryRuth's Trade Dress has also acquired substantial secondary meaning in the marketplace before Doctor

Danielle commenced its infringing use of the MaryRuth's Trade Dress and colorable imitations thereof in connection with its infringing products.

51.    Doctor Danielle's infringing use of the MaryRuth's Trade Dress and colorable imitations thereof are likely to cause consumer confusion as to the origin, sponsorship, or affiliation of Doctor Danielle's products, at least by causing the false and misleading impression that Doctor Danielle's products are manufactured by, authorized by, or otherwise associated with MaryRuth's.

52.    Doctor Danielle's infringing use of the MaryRuth's Trade Dress and colorable imitations thereof have caused and, unless enjoined, will continue to cause substantial and irreparable injury to MaryRuth's for which MaryRuth's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the MaryRuth's Trade Dress.

53.    On information and belief, for at least the reasons set forth above, Doctor Danielle's use of the MaryRuth's Trade Dress and colorable imitations thereof has been intentional, willful, and malicious. Doctor Danielle's bad faith is evidenced at least by the similarity of the Infringing Trade Dress to the MaryRuth's Trade Dress, Doctor Danielle's continued disregard for MaryRuth's trade dress rights even after receiving notice of its infringing actions, and the purposeful deletion of comments indicating consumer confusion without modifying the Infringing Trade Dress in a manner to no longer cause confusion.

54.     MaryRuth's is entitled to injunctive relief and to recover at least Doctor Danielle's profits and MaryRuth's actual damages, enhanced damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1116 and 1117.

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT

55.     MaryRuth's repeats and realleges the allegations of paragraphs 1 through 54 above and incorporates those allegations herein by reference.

56.     As a separate cause of action and ground for relief, MaryRuth's alleges that it has protectable rights in the MaryRuth's Mark under the common law of the State of Washington, Doctor Danielle has been and is currently engaged in acts constituting infringement of the MaryRuth's Mark under the common law of the State of Washington and all states through its use of the Infringing Logo in commerce in the State of Washington and other states in the sale, offering for sale, distribution, or advertisement of goods or services in a manner that creates a likelihood of confusion, mistake, or deception in the minds of consumers.

57.     Doctor Danielle's infringing conduct is causing and is likely to cause injury to the public, and is causing and is likely to cause MaryRuth's to suffer irreparable injury. MaryRuth's is entitled to damages and injunctive relief under the common law of the State of Washington and all states.

**COUNT IV**

**COMMON LAW TRADE DRESS INFRINGEMENT**

58.    MaryRuth's repeats and realleges the allegations of paragraphs 1 through 57 above and incorporates those allegations herein by reference.

59.    As a separate cause of action and ground for relief, MaryRuth's alleges that it has protectable rights in the MaryRuth's Trade Dress under the common law of the State of Washington, Doctor Danielle has been and is currently engaged in acts constituting infringement of the MaryRuth's Trade Dress under the common law of the State of Washington and all states through its use of the Infringing Trade Dress in commerce in State of Washington and other states in the sale, offering for sale, distribution, or advertisement of goods or services in a manner that creates a likelihood of confusion, mistake, or deception in the minds of consumers.

60.    Doctor Danielle's infringing conduct is causing and is likely to cause injury to the public, and is causing and is likely to cause MaryRuth's to suffer irreparable injury. MaryRuth's is entitled to damages and injunctive relief under the common law of the State of Washington and all states.

**COUNT V**

**UNFAIR COMPETITION IN VIOLATION OF**

**RCW §§ 19.86.020 and 19.86.090, *et seq.***

61.    MaryRuth's hereby repeats and realleges the allegations of paragraphs

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- 31
[2:22-cv-00006-SAB]

1    through 60 above and incorporates those allegations herein by reference.

2        62.    RCW § 19.86.090 establishes a private action for "[a]ny person who is

3    injured in his or her business or property by a violation of," among other statutes,

4    Washington's Consumer Protection Act, RCW 19.86.020. The Washington

5    Consumer Protection Act makes unlawful "[u]nfair methods of competition and

6    unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW

7    § 19.86.020.

8        63.    As a separate and distinct cause of action and ground for relief,

9    MaryRuth's alleges that Doctor Danielle, by infringing the MaryRuth's Mark and

10   MaryRuth's Trade Dress, has caused a likelihood of confusion, deception, or mistake

11   as to the affiliation, connection, or association of Doctor Danielle with MaryRuth's,

12   or as to the origin, sponsorship, or approval of goods or services offered by Doctor

13   Danielle or by MaryRuth's. These acts and business practices constitute a common

14   course of unfair competition by means of unfair or deceptive practices in the conduct

15   of any trade or commerce, in violation of the Washington Consumer Protection Act,

16   RCW § 19.86.020.

17       64.    Doctor Danielle's conduct has directly and proximately caused and will

18   continue to cause MaryRuth's substantial and irreparable injury, including customer

19   confusion, injury to its reputation, lost sales, lost goodwill, and diminution in the

20   value of its intellectual property, and unless restrained, will continue to seriously and

21

irreparably impair further the value of MaryRuth's intellectual property, for which there is no adequate remedy at law.

65.    MaryRuth's is entitled to an injunction restraining Doctor Danielle from engaging in further such unlawful conduct, as well as its actual damages, enhanced damages, costs of suit, and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, MaryRuth's prays for the following relief against Doctor Danielle:

A.    Dismissing Doctor Danielle's Complaint and claim with prejudice,

B.    Permanently enjoining and restraining Doctor Danielle and its principals, officers, directors, shareholders, partners, agents, servants, employees, parents, subsidiaries, and affiliates, and all persons acting in active concert or participation with any of them, from:

1.    Using the Infringing Logo and Infringing Trade Dress, or any other mark or appearance confusingly similar to the MaryRuth's Mark and MaryRuth's Trade Dress; and

2.    Representing by any means whatsoever, directly or indirectly, a connection, sponsorship, or affiliation between Doctor Danielle and MaryRuth's or doing any other acts or things calculated or likely to cause confusion, mistake, or deception among members

of the public or members of the trade as to the source, sponsorship, affiliation, or approval of Doctor Danielle's goods or services;

C.    Directing that Doctor Danielle, at its own expense, recall and destroy all labels, marketing, promotional, and advertising materials, and edit all websites and social media presences or postings, that bear or incorporate the Infringing Mark or Infringing Trade Dress;

D.    Directing that, immediately after issuance of the Court's order, Doctor Danielle deliver to MaryRuth's attorneys or representatives an affidavit testifying that all labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles, advertisements, documents, electronic media, or any other thing in its possession or under its control bearing the Infringing Logo or Infringing Trade Dress have been destroyed or modified such that it is no longer calculated or likely to cause confusion, mistake, or deception among members of the public or members of the trade as to the source, sponsorship, affiliation, or approval of Doctor Danielle's goods or services;

E.    Directing Doctor Danielle to file with this Court and to serve upon MaryRuth's, within thirty (30) days after issuance of an injunction in this action, a written report, under oath, setting forth in detail the manner in which Doctor Danielle has complied with the injunction;

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- 34
[2:22-cv-00006-SAB]

F.      Awarding MaryRuth's as damages Doctor Danielle's profits generated in connection with its use of the Infringing Logo or Infringing Trade Dress;

G.      Awarding MaryRuth's its actual damages and other damages as proven in this case;

H.      Awarding MaryRuth's enhanced damages as permitted by law;

I.      Awarding MaryRuth's its reasonable attorneys' fees and costs incurred in this action as permitted by law; and

J.      Awarding MaryRuth's such other and further relief as this Court deems just and proper.

## JURY DEMAND

MaryRuth's demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this 19th day of January 2022.

Montgomery Scarp & Chait PLLC

s/ *Michael Chait*
Michael Chait, WSBA # 48842
17600 Vashon Hwy SW, Suite 105
Vashon, WA 98070
Tel. (206) 625-1801
Fax (206) 625-1807
mike@montgomeryscarp.com
Attorney for MaryRuth Organics, LLC and
MRO MaryRuth, LLC

1

## **CERTIFICATE OF SERVICE**

2

3
I am over the age of 18 and not a party to this action.  I am the assistant to an attorney with Montgomery Scarp & Chait PLLC, whose address is 17600 Vashon Hwy SW, Suite 105, Vashon, Washington, 98070.

4

5

6
I hereby certify that a true and complete copy of *DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM PLAINTIFF'S COUNTERCLAIMS* has been filed with the United States District Court via the ECF system which gives automatic notification to the following interested parties:

7

8
Michael G. Atkins
**Atkins Intellectual Property, PLLC**
113 Cherry Street #18483
Seattle, WA 98104-2205

9

10
I declare under penalty under the laws of the United States of America and the State of Washington that the foregoing information is true and correct.

11
DATED this 19th day of January 2022 at Seattle, Washington.

12

13
s/ *Laura Meier*
Laura Meier, Paralegal

14

15

16

17

18

19

20

21

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIMS- 36
[2:22-cv-00006-SAB]

# EXHIBIT A

**Generated on:** This page was generated by TSDR on 2022-01-13 15:28:49 EST

**Mark:**



| | | | |
|---|---|---|---|
| **US Serial Number:** | 90046370 | **Application Filing Date:** | Jul. 10, 2020 |
| **US Registration Number:** | 6376468 | **Registration Date:** | Jun. 08, 2021 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |

**TM5 Common Status Descriptor:**



LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office.

**Status:** Registered. The registration date is used to determine when post-registration maintenance documents are due.

**Status Date:** Jun. 08, 2021

**Publication Date:** Mar. 23, 2021

# Mark Information

**Mark Literal Elements:** None

**Standard Character Claim:** No

**Mark Drawing Type:** 2 - AN ILLUSTRATION DRAWING WITHOUT ANY WORDS(S)/ LETTER(S)/NUMBER(S)

**Description of Mark:** The mark consists of a woman with beige skin outlined in black, blue eyes with black pupils and black eyebrows, smiling red lips outlined black with white teeth, and golden hair tied with a red ribbon outlined in black, wearing a blue collared shirt with a beige button, both outlined in black, in the foreground of a landscape with blue sky, white clouds, rolling green hills with green trees and a beige road, and a white and blue structure with red roof, brown doors, and two windows and a chimney, all encased in a circle with black lines resembling pencil strokes dispersed throughout.

**Color Drawing:** Yes

**Color(s) Claimed:** The color(s) blue, white, green, red, brown, beige, gold, and black is/are claimed as a feature of the mark.

**Design Search Code(s):**
01.15.06 - Fog; Clouds; Advertising, skywriting
02.03.22 - Women - head, portraiture or busts in profile; Portraiture of women in profile; Heads of women in profile; Busts of women in profile
02.03.24 - Women, stylized, including women depicted in caricature form
02.11.16 - Smiley faces; Faces, smiley
05.01.02 - Trees or bushes with a generally rounded shape, including deciduous trees; Maple tree
05.01.10 - Thicket; More than one tree or bush; thicket; group of trees
06.09.05 - Other cultivated areas
07.01.04 - Detached house
07.07.01 - Sliding doors; Garage doors; Doors
07.07.02 - Windows; Skylights
07.07.06 - Chimneys
09.01.04 - Ribbons, hair; Ribbons, giftwrap (gift wrap); Bows, decorative
09.03.06 - Tank tops; Sweatshirts; Shirts; Jerseys; Exercise clothes, sweatshirts; Camisoles
26.01.21 - Circles that are totally or partially shaded.

# Related Properties Information

**International Registration Number:** 1557220

**International Application(s)/Registration(s) Based on this Property:** A0099893/1557220

# Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | |
|---|---|
| **For:** | Lotions for face and body; body and hand creams; skin masks; eye cream; hand lotions; skin masks; hand, facial, and body scrubs; cosmetic preparations; skin and body topical lotions for cosmetic use; creams and oils for cosmetic use; non-medicated herbal body care products, namely, body oils, salves, and lip balms |
| **International Class(es):** | 003 - Primary Class |
| **U.S Class(es):** | 001, 004, 006, 050, 051, 052 |
| **Class Status:** | ACTIVE |
| **Basis:** | 1(a) |
| **First Use:** | Oct. 18, 2018 |
| **Use in Commerce:** | Oct. 18, 2018 |

| | |
|---|---|
| **For:** | Probiotic supplements; protein powder nutritional and dietary supplements; vitamins; multivitamin preparations; mineral supplements; enzyme dietary supplements; food supplements, namely, anti-oxidants; herbal supplements; gummy vitamins; vitamin drops; nutritional supplements in the form of capsules, tablets, caplets, powder, gummies, spray, and drops; nutritional supplements consisting primarily of iron, calcium, zinc, iodine, turmeric, elderberry, collagen, and omega fatty acids; nutraceuticals for use as a dietary supplement to promote digestion, appetite control, anti-inflammatory, bone health, metabolism, immune support, energy boost, hormone regulation, muscle and tissue repair, mood enhancement, heart health, relaxation, cell repair, deep sleep, stress relief, and gluten relief |
| **International Class(es):** | 005 - Primary Class |
| **U.S Class(es):** | 005, 006, 018, 044, 046, 051, 052 |
| **Class Status:** | ACTIVE |
| **Basis:** | 1(a) |
| **First Use:** | Oct. 18, 2018 |
| **Use in Commerce:** | Oct. 18, 2018 |

| | |
|---|---|
| **For:** | Olive oil made with organic ingredients for food |
| **International Class(es):** | 029 - Primary Class |
| **U.S Class(es):** | 046 |
| **Class Status:** | ACTIVE |
| **Basis:** | 1(a) |
| **First Use:** | Oct. 18, 2018 |
| **Use in Commerce:** | Oct. 18, 2018 |

# Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes |
| **Filed ITU:** | No | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44E:** | No |
| **Filed 44E:** | No | **Currently 66A:** | No |
| **Filed 66A:** | No | **Currently No Basis:** | No |
| **Filed No Basis:** | No | | |

# Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | MRO MARYRUTH, LLC |
| **Owner Address:** | 1171 SOUTH ROBERTSON BLVD, #148 LOS ANGELES, CALIFORNIA UNITED STATES 90035 |
| **Legal Entity Type:** | LIMITED LIABILITY COMPANY |
| **State or Country Where Organized:** | DELAWARE |

# Attorney/Correspondence Information

**Attorney of Record**

| | | | |
|---|---|---|---|
| **Attorney Name:** | Robyn S. Lederman | **Docket Number:** | MORG0102TUS |
| **Attorney Primary Email Address:** | trademarks@brookskushman.com | **Attorney Email Authorized:** | Yes |

**Correspondent**

**Correspondent Name/Address:** Robyn S. Lederman
BROOKS KUSHMAN P.C.
1000 TOWN CENTER, 22ND FLOOR
SOUTHFIELD, MICHIGAN UNITED STATES 48075-1238

**Phone:** 248-358-4400                                          **Fax:** 248-358-3351

**Domestic Representative - Not Found**

# Prosecution History

| Date | Description | Proceeding Number |
|------|-------------|-------------------|
| Dec. 22, 2021 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Jun. 08, 2021 | REGISTERED-PRINCIPAL REGISTER | |
| Mar. 23, 2021 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Mar. 23, 2021 | PUBLISHED FOR OPPOSITION | |
| Mar. 03, 2021 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Feb. 18, 2021 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Feb. 12, 2021 | TEAS/EMAIL CORRESPONDENCE ENTERED | 88889 |
| Feb. 11, 2021 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 88889 |
| Feb. 11, 2021 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Feb. 10, 2021 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 6325 |
| Feb. 10, 2021 | NON-FINAL ACTION E-MAILED | 6325 |
| Feb. 10, 2021 | NON-FINAL ACTION WRITTEN | 94364 |
| Dec. 28, 2020 | TEAS/EMAIL CORRESPONDENCE ENTERED | 88889 |
| Dec. 26, 2020 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 88889 |
| Dec. 26, 2020 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Oct. 20, 2020 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 6325 |
| Oct. 20, 2020 | NON-FINAL ACTION E-MAILED | 6325 |
| Oct. 20, 2020 | NON-FINAL ACTION WRITTEN | 94364 |
| Oct. 15, 2020 | ASSIGNED TO EXAMINER | 94364 |
| Aug. 07, 2020 | NOTICE OF DESIGN SEARCH CODE E-MAILED | |
| Aug. 06, 2020 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Jul. 14, 2020 | NEW APPLICATION ENTERED IN TRAM | |

# TM Staff and Location Information

**TM Staff Information - None**

**File Location**

**Current Location:** PUBLICATION AND ISSUE SECTION          **Date in Location:** Jun. 08, 2021

# Assignment Abstract Of Title Information

**Summary**

**Total Assignments:** 1                               **Registrant:** MaryRuth Organics, LLC

**Assignment 1 of 1**

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Reel/Frame:** 7507/0512                              **Pages:** 5

**Date Recorded:** Dec. 10, 2021

**Supporting Documents:** assignment-tm-7507-0512.pdf

**Assignor**

**Name:** MARYRUTH ORGANICS, LLC          **Execution Date:** Sep. 28, 2021

**Legal Entity Type:** LIMITED LIABILITY COMPANY     **State or Country Where Organized:** CALIFORNIA

**Assignee**

**Name:** MRO MARYRUTH, LLC

**Legal Entity Type:** LIMITED LIABILITY COMPANY     **State or Country:** DELAWARE

**Where Organized:**

**Address:** 1171 SOUTH ROBERTSON BLVD, #148
LOS ANGELES, CALIFORNIA 90035

**Correspondent**

**Correspondent Name:** ROBYN S. LEDERMAN

**Correspondent Address:** 1000 TOWN CENTER, 22ND FLOOR
SOUTHFIELD, MI 48075-1238

**Domestic Representative - Not Found**